UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Arterra Apartments, LLC and Paseo Apartments, LLC,** | § § § § § § § § § § § | |
| **Plaintiffs,** | | |
| v. | | Civil Action No. _____ |
| **City of Dallas,** | | |
| **Defendant.** | | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Arterra Apartments, LLC ("Arterra") and Paseo Apartments, LLC ("Paseo") file this Original Complaint and Request for Injunctive Relief complaining of Defendant City of Dallas (the "City").

### INTRODUCTION

Plaintiffs own and operate several apartment complexes in South Dallas, including the two at issue in this lawsuit: the Arterra Apartments and the Paseo Apartments (together, the "Properties"). The City contends Dallas City Code authorizes it to proceed with administrative code inspections of the Properties without Plaintiffs' consent or without first obtaining an administrative warrant. Plaintiffs believe this constitutes an unreasonable search and seizure in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

By these proceedings, Plaintiffs seek a declaration of their constitutional rights and to enjoin the City from conducting administrative inspections without first obtaining an administrative warrant.

## PARTIES

1. Arterra Apartments, LLC is a Delaware limited liability company with its principal office in Ocean County, New Jersey.

2. Paseo Apartments, LLC is a Texas limited liability company with its principal office in Ocean County, New Jersey.

3. The City of Dallas is a home-rule municipality that is wholly located within the Northern District of Texas. Pursuant to Federal Rule of Civil Procedure 4(j) and Texas Civil Practice & Remedies Code § 17.024(b), the City of Dallas may be served through the Mayor, Eric Johnson, at Dallas City Hall, 1500 Marilla Street, #7DN, Dallas, TX 75201 or wherever he may be found.

## JURISDICTION & VENUE

4. The Court has subject-matter jurisdiction over this case because Plaintiffs' claims arise under the United States Constitution and laws of the United States. *See* 28 U.S.C. § 1331.

5. Venue is proper in this district because this case concerns real property that is situated within the Northern District of Texas and, further, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Northern District of Texas. *See* 28 U.S.C. § 1391(b)(2).

## BACKGROUND

6. Plaintiffs own and operate the Arterra Apartments and the Paseo Apartments, located in South Dallas. Paseo acquired the Paseo Apartments in June 2021. Arterra acquired the Arterra Apartments in March 2022.

7. Though separately owned, the Properties are commonly managed by Silverstone Properties ("Silverstone"), which is responsible for the day-to-day operation of the Properties on behalf of Paseo and Arterra, respectively.

8. Since purchasing the Properties, Plaintiffs have worked together and with the City to renovate the Properties, ensure compliance with Dallas City Code, and take significant steps to reduce crime at and near the Properties.

9. On December 21, 2022, the City – by and through the City Attorneys' Office, Department of Community Prosecution – served Paseo with a "demand letter" (the "Paseo Demand") listing several code provisions under Dallas City Code Chapter 27 (titled "Minimum Property Standards") and claiming that the Paseo Apartments are in violation of the provisions identified therein. Likewise, on December 27, 2022, the City served Arterra with a "demand letter" (the "Arterra Demand") which is similar in all material respects to the Paseo Demand.

10. The City's letters demand that Plaintiffs abate "violations" of Chapter 27 in accordance with the City's unilateral timeline and schedule for repairs. The City's letters also demand monthly entry onto the Properties to conduct administrative code inspections. Both the Paseo Demand and Arterra Demand make clear the City's intent to "escalate enforcement" by filing suit against Plaintiffs for violations of the Dallas City Code if Plaintiffs fail to comply with the repair and inspection schedules demanded by the City.

11. Neither the Paseo Demand nor the Arterra Demand include any description, context, or information regarding the existence of purported code violations on the Properties. They contain no photographs of the alleged violations. They do not identify the location where the purported violations were found. They do not even contain a description of the condition giving rise to the purported violation or necessary steps to come into compliance with Dallas City Code.

12. Instead, the City's demand letters regurgitate—verbatim—various provisions of Chapter 27 and assume that "violations" exist. Or previously existed. Or will exist. And charges Plaintiffs with the task of locating and abating conditions on the Properties that the City apparently interprets as violating Dallas City code.

13. To date, the City has conducted code inspections at the Properties (some with and some without Plaintiffs' knowing and voluntary consent) in accordance with the demand letters. Yet, the City has never cited Plaintiffs for any code violations purportedly found; never served Plaintiffs with a notice of code violations; never filed a civil action to enforce abatement of any code violations; and never provided Plaintiffs with a written explanation or photographs of any code violations discovered during those inspections (or otherwise). The purpose and justification for demanding entry onto the Properties for administrative code inspections remain entirely unclear to Plaintiffs.

14. The City's conduct before serving the demand letters provides no greater context. As reflected on the City Attorneys' website, on August 30, 2022, both the Paseo Apartments and Arterra Apartments were referred to the Department of Community Prosecution by Councilwoman Carolyn King Arnold, District 4. Before this assignment, the City had never conducted a code inspection at the Properties during Plaintiffs' ownership of Paseo and Arterra, respectively. Through open records requests, Plaintiffs obtained all 311 complaints received by the City during the period of Plaintiffs' ownership of the Properties, and as of the August 30 referral to Community Prosecution, the City had no record of any open 311 complaints for code violations attributable to the Properties. This fact was not considered by the City before assigning the Properties to Community Prosecution. And worse, this fact was misrepresented to Plaintiffs by City code officers who coerced their way onto the Properties by claiming open 311 complaints were being inspected.

15. Plaintiffs expressly and deliberately informed the City that they do not provide consent for Dallas Code Compliance to enter onto the Properties for purposes of conducting administrative code inspections. Nevertheless, the City intends to continue entering onto the Properties in accordance with the schedules identified in the City's Paseo Demand and Arterra

Demand, respectively. And, the City maintains that it has authority under Dallas City Code to do so without first obtaining an administrative warrant.

## CAUSES OF ACTION

**Count I:**   **Request for Declaratory Judgment.**

16. Plaintiffs reassert and incorporate by reference each allegation set forth above.

17. The City claims that it has authority to inspect the Properties without consent, and without first obtaining an administrative warrant, pursuant to Dallas City Code Chapters 27 and 52, specifically Sections 27-5 and 202.3.

18. The City's position is contrary to the Fourth Amendment's prohibition against unreasonable search and seizure. A municipal ordinance cannot confer authority to act in a manner that is plainly inconsistent with the United States Constitution.

19. Plaintiffs request that the Court declare that the City's administrative inspections pursuant to Dallas City Code Sections 27-5 and 52-202.3 require the City to comply with the Fourth Amendment, as incorporated by the Fourteenth Amendment, by first obtaining an administrative warrant before entering onto Plaintiffs' Properties to conduct a code inspection.

**Count II:**   **Request for Temporary Injunctive Relief.**

20. Plaintiffs reassert and incorporate by reference each allegation set forth above.

21. Arterra Apartments, LLC has a reasonable expectation of privacy to conduct its commercial business at the Arterra Apartments.

22. Paseo Apartments, LLC has a reasonable expectation of privacy to conduct its commercial business at the Paseo Apartments.

23. On December 21, 2022, the City notified Paseo of its intent to conduct an administrative code inspection of the Paseo Apartments on a recurring, monthly basis.

24. On December 22, 2022, the City notified Arterra of its intent to conduct an administrative code inspection of the Arterra Apartments on a recurring, monthly basis.

25. Plaintiffs expressly notified the City that Plaintiffs "do not consent to the entry and inspection by any City staff/official/personnel for the [administrative code] inspections at Paseo and Arterra." Nevertheless, the City responded by citing Dallas City Code Chapter 27-5 and Dallas City Code Chapter 52, Sec 202.3 as providing authority to conduct warrantless administrative inspections of the Properties, a practice it apparently intends to continue pursuant to the monthly schedule identified in the Paseo Demand and Arterra Demand, respectively.

26. Under United States Supreme Court precedent, a municipal code inspection violates the Fourth Amendment if it is performed without a warrant or without affording the property owner pre-inspection review by a neutral decision-maker.

27. As such, Plaintiffs will suffer immediate and irreparable injury without any adequate remedy at law if the City is not restrained from entering onto the Properties in violation of Plaintiffs' Fourth Amendment rights. Plaintiffs request that the Court enjoin the City from conducting its administrative inspections at the Properties without first obtaining an administrative warrant (absent an exception to the warrant requirement).

28. The harm to be suffered by Plaintiffs is real, substantial, and imminent, as evidenced by the City's confirmation that it intends to inspect the Properties as noticed its consistent reiteration that it has authority to do so without a warrant.

29. The requested temporary injunction will not injure the City. The requested temporary injunction will simply require the City uphold its obligations under the Fourth Amendment, made applicable to the City by the Fourteenth Amendment.

30. Requiring the City to obtain an administrative warrant prior to conducting administrative inspections will not disserve the public interest. To the contrary, there is a public

interest in ensuring the City does not abuse its authority or violate the constitutional rights of those in the community.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the City be cited to appear and answer herein, and that the Court, upon hearing: (i) declare that, absent an exception to the warrant requirement, the City must obtain an administrative warrant prior to conducting any code inspections at the Properties; (ii) enjoin the City from unlawfully conducting code inspections at the Paseo Apartments; (iii) enjoin the City from unlawfully conducting code inspections at the Arterra Apartments; and (iv) grant Plaintiffs such other and further relief to which Plaintiffs may be justly entitled.

DATED THIS 22ND DAY OF MARCH, 2023.

    Respectfully submitted,

    **BELL NUNNALLY & MARTIN LLP**

    By: */s/ Kartik R. Singapura*
        Kartik R. Singapura
        Texas Bar No. 24083863
        ksingapura@bellnunnally.com
        Laura K. Lavernia
        Texas Bar No. 24126586
        llavernia@bellnunnally.com

        2323 Ross Avenue, Suite 1900
        Dallas, TX 75201
        214-740-1400 Telephone
        214-740-1499 Facsimile

        **Attorneys for Plaintiffs**
        **Arterra Apartments, LLC**
        **and Paseo Apartments, LLC**