UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTERRA APARTMENTS, LLC AND | § | |
| PASEO APARTMENTS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 3:23-CV-0629-X |
| v. | § | |
| | § | |
| THE CITY OF DALLAS, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant City of Dallas's (the "City") Motion to Dismiss First Amended Complaint. (Doc. 31). After reviewing the motion, response, and applicable law, the Court **GRANTS** the City's Motion. Additionally, the Clerk of the Court is **INSTRUCTED** to close this case.

## I. Factual Background

Plaintiffs' Arterra Apartments and the Paseo Apartments parent company owns and operates apartment complexes in South Dallas.[1] Two properties are at issue in this case: the Arterra Apartments and the Paseo Apartments (collectively, the "properties").[2] The City contends that it has the authority to send city officials onto the properties to perform code inspections of the properties without first obtaining (1) the plaintiff's consent or (2) an administrative warrant before the

---

[1] Doc. 28 at 1.

[2] *Id.*

search.[3]   The plaintiffs contend the City's code inspections taking place on the properties are a violation of their Fourth Amendment right against unreasonable searches and seek injunctive relief to prohibit the City from performing its searches.[4]

Presently, the City has filed a motion to dismiss arguing that the plaintiffs haven not pled enough facts in their section 1983 claim to hurdle over the City's governmental immunity.   The Court reviews this motion now.

## II.   Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[5]   The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[6]   For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[7]   A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[8]   For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the

---

[3] *Id.*

[4] *Id.*

[5] Fed. R. Civ. P. 8(a)(2).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.*

[8] *Id.*

light most favorable to the plaintiff.[9]  "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[10]

### III.  Analysis

To plead municipal liability for a section 1983 claim, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[11]  The parties dispute all three elements.  But the Court only needs to discuss the first element.

### A. An Official Policy

In pleading the first step of municipal liability, a plaintiff must show the existence of an official policy.[12]  "For purposes of the first element, an official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[13]  From a pleading standpoint, a plaintiff pleading the existence of a widespread practice must "do more than describe the incident that gave rise to his injury."[14]  Instead, "[a] plaintiff's description of the challenged practice . . . must

---

[9] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't.*, 479 F.3d 377, 379 (5th Cir. 2007).

[10] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[11] *Hicks–Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017).

[12] *Id.*

[13] *Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023).

[14] *Id.*

3

contain specific facts"[15] of the other widespread instances. "And those specific facts must be similar to the case at hand" because "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question."[16]

The parties dispute whether the plaintiffs have pled specific facts showing that there is a widespread policy. The City argues that the plaintiffs have failed to plead the existence of an official policy because the alleged widespread practice in conducting unlawful searches "is limited to isolated incidents" and relies on "anecdotal experiences, generalities, and concussions."[17] In response, the plaintiffs argue that 207 active City investigations deem it a widespread practice.[18] The Court agrees with the City.

The underlying facts in the Fifth Circuit's *Johnson* decision highlights the point that a pleading need contain specific factual details of similar instances.[19] In *Johnson*, the plaintiff sued Harris County under section 1983 asserting that her Fourth Amendment rights were violated when three deputies arrested her.[20] The district court granted dismissal of the plaintiff's section 1983 claim and denied leave to amend, which sought to add additional facts to section 1983 claim.[21] The Fifth

---

[15] *Id.*

[16] *Id.* at 946–47.

[17] Doc. 32 at 6.

[18] Doc. 35 at 9.

[19] *See e.g., Johnson*, 83 F.4th at 946–47.

[20] *Id.* at 944.

[21] *Id.* at 947.

Circuit affirmed both decisions.[22]  The Fifth Circuit's explanation in affirming the district court's dismissal was rather short.[23]  The Fifth Circuit explained that the plaintiff's description of the widespread pattern of conduct, which simply stated that "officers . . . violate[d] the constitutional rights of individuals in a manner like that alleged by Ms. Johnson[ ] on a regular basis,"[24] was "completely barren of factual support and wholly conclusory."[25]  In short, more facts—or rather, any facts—of similar past instances were needed.

Well, the plaintiff in *Johnson* sought leave to amend to add more facts to their pleading by adding 23 instances of arrests by Harris County officers where criminal charges were later dropped.[26]  The district court denied that request.[27] And the Fifth Circuit affirmed.[28]  In affirming, the Fifth Circuit held that 23 examples of arrests "that resulted in criminal chargers later dismissed for lack of probable cause" conducted by the same precinct in Harris County were "of no use" because these instances "lacked [enough] critical factual detail" to constitute a widespread practice.[29]

This case is like *Johnson* because the factual matter in the plaintiff's asserted

---

[22] *Id.*

[23] *Id.* at 946–47.

[24] *Id.* at 946 (citing complaint) (internal quotation marks omitted)

[25] *Id.* at 946.

[26] *Id.* at 947.

[27] *Id.*

[28] *Id.*

[29] *Id.*

similar instances lacks detail. In pleading municipal liability, the plaintiffs offer a three-pronged argument. First, the plaintiff's use anecdotal evidence from their experience with the City's code inspections to speculate that code inspections follow a three-step process:

> a. The City, **with deception** or through some **show of force** or authority, indicates that the property owner or manager must allow the City to perform administrative searches of the property;

> b. The City performs administrative searches of the property **without a warrant** or the applicability of any other exception to the warrant requirement, and the City provides no avenue by which the owner or manager can refuse consent to, or challenge the City's authority to, search the property; and

> c. The City threatens enforcement proceedings by notice or a demand to correct alleged violations of City Code within a set period of time or skip to commencement of enforcement proceedings, outright.[30]

Second, the plaintiffs state that open records requests reveal that there are 207 active investigations of code violations occurring at properties within Dallas.[31] And third, in those 207 instances, "the City violated the constitutional rights of those owners through use and deployment of the policy and/or custom outlined above."[32]

But there's a gap between step two and three. Sure, the City has evidence of 207 instances of current instances of code violations. And, for purposes of municipality liability, evidence of 207 instances is probably enough to constitute a widespread practice if they are similar instances. But the plaintiffs don't provide

---

[30] Doc. 28 at 3 (emphasis added).

[31] *Id.* at 8 ¶ 31.

[32] *Id.*

enough—or *any*—factual detail in these 207 instances to show that these instances are similar to what occurred in at plaintiff's properties.[33]   Perhaps in these instances the property owners consented to a code search. Perhaps the City had administrative warrants to perform a code search.   Perhaps the City had a valid exception to the warrant requirement.   Or perhaps the portion of these other properties wasn't "searched" because there is no reasonable expectation of privacy where the alleged search occurred.   Point being, the plaintiffs' 207 instances in their complaint lack the "specific facts . . . point[ing] to the specific violation in question."[34]   Therefore, the Court dismisses plaintiffs' section 1983 claim against the City.

## IV. Conclusion

For the reasons above, the Court **GRANTS** the City's Motion.   (Doc. 31). Additionally, the Clerk of the Court is **INSTRUCTED** to close this case.

---

[33] *Id.*

[34] *Johnson*, 83 F.4th at 946–47.   To this end, the plaintiffs admit that discovery is needed to show similarity.   Doc. 28 at 9–10 ("Plaintiffs anticipate that, through witness interviews and discovery, Plaintiffs will be able to show the City's unconstitutional actions and resulting Constitutional violations are the result of a written policy and/or custom of the City, which affects property owners throughout Dallas.").   The Fifth Circuit requires similarity before discovery, not the other way around.   *See id.*; *see also York v. Welch*, No. 20-40580, 2024 WL 775179, at *4 (5th Cir. Feb. 26, 2024) ("[T]he [plaintiffs] failed to obtain factual context and detail concerning the alleged 26% of incidents of police misconduct."); *see id.* ("The [plaintiffs'] general statistics are likewise devoid of factual development and context."); *Weisshaus v. Teichelman*, No. 22-11099, 2024 WL 620372, at *6 (5th Cir. Feb. 14, 2024) ("[N]one of these examples provide the specific background necessary for a court to determine, for example, the purpose of the stop, whether the persons were guilty or not, any court rulings on the matter, any similarity between the occurrences, or number of total stops in context.").

**IT IS SO ORDERED** this 26th day of March, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE